IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRACY RAPPMUND, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. SA-25-CV-00934-XR |
| | § | |
| GREEN VALLEY SPECIAL UTILITY | § | |
| DISTRICT AND PHILLIP GAGE, | § | |
| *Defendants*. | § | |

## DEFENDANTS' FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS

COME NOW Defendants Green Valley Special Utility District ("GVSUD") and Phillip Gage ("Gage") (together, "Defendants") file this Motion to Dismiss claims asserted in Plaintiff's Second Amended Original Petition and Jury Demand filed October 6, 2025 [Doc. #15] pursuant to FED. R. CIV. P. 12(b)(6) as follows.

### I.    INTRODUCTION AND SUMMARY OF MOTION

1.    Plaintiff has asserted causes of action against Defendants, failing to differentiate between them, for violations of (1) the Texas Whistleblower Act; (2) FMLA and 42 U.S.C. § 1983 (Interference); (3) FMLA and 42 U.S.C. § 1983 (Retaliation); (4) Title VII of the Civil Rights Act of 1964 ("Title VII") (Sex Discrimination); (5) Texas Commission on Human Rights Act ("TCHRA") (Sex Discrimination); (6) Title VII of the Civil Rights Act of 1964 (Retaliation); (7) TCHRA (Retaliation); (8) Age Discrimination in Employment Act of 1967 ("ADEA") (Age Discrimination); (9) TCHRA (Age Discrimination); (10) Americans with Disabilities Act, the Rehabilitation Act, and the TCHRA (Disability Discrimination). Plaintiff also seeks permanent injunctive relief, and an array of damages including exemplary damages, liquidated damages, and attorney fees.

2. Defendants move to dismiss Plaintiff's claims against Defendant Gage pursuant to Federal Rule of Civil Procedure 12(b)(6) because he is not liable in the capacity in which he has been sued and therefore Plaintiff has failed to state a claim upon which relief can be granted as to Gage (Counts 2–10). Additionally or in the alternative, Plaintiff's state law claims against Gage individually are barred by the doctrine of official immunity, and Plaintiff's federal 1983 claims are barred by qualified immunity. Finally, Defendants move to dismiss Plaintiff's cause of action under the Texas Whistleblower statute because Plaintiff did not meet the applicable statute of limitations, and failed to make her report of violations of law to an appropriate law enforcement authority sufficient to invoke the Whistleblower Act's protections (Count 1).

## II.   12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.   PLAINTIFF'S CLAIMS AGAINST GAGE IN HIS INDIVIDUAL CAPACITY MUST BE DISMISSED BECAUSE GAGE IS NOT A PROPER DEFENDANT AS A MATTER OF LAW.

3. Defendant Gage moves to dismiss of Plaintiff's claims against him for violations of Title VII (Counts 4 and 6), Section 1983 (Counts 2 and 3), TCHRA (Counts 5, 7, 9, and 10), ADEA (Count 8), and the ADA and RA (Count 10) because he is not liable in the individual capacity in which he has been sued.

4. A person's performance of official duties creates two potential liabilities: (1) individual capacity liability for the person performing the duties; and (2) official capacity liability for the government entity. *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 484 (5th Cir. 2000). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citations omitted). "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Ky. v. Graham*, 473 U.S. 159, 166 (1985).

5. Section 1983 actions against individuals in their official capacities are not sustainable since the identity of the individual is subsumed in the government entity's identity. *Brandon v. Holt*, 469 U.S. 464, 472 (1985).

6. In order for an individual to be liable under Title VII, he must meet Title VII's definition of "employer." *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Although Title VII defines "employer" to include any agent of the employer, the Fifth Circuit does not interpret the statute to impose individual liability on an agent. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (affirming Rule 12(b)(6) dismissal where trial court held that employees may not be sued for damages in their individual capacities)). "[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 (5th Cir. 2003) (citing *Grant*, 21 F.3d at 651–53); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities").

7. Similarly, "supervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA." *Stelly v. Duriso*, 982 F.3d 403, 408 fn.6 (5th Cir. 2020) (quoting *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.—Waco 2000, pet. denied)). The TCHRA was modeled after federal civil rights law and is intended to coordinate state law with federal law in employment discrimination cases, so the Texas Supreme Court interprets the TCHRA in light of federal law and the cases interpreting that law. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010).

8. The same is true for the ADEA, ADA, and RA. The ADEA "provides no basis for relief against supervisor personnel in their individual capacities." *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Plaintiffs may not bring actions under 42 U.S.C. § 1983, the Civil Rights

Act, to vindicate rights created by Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003). Moreover, there is no individual liability for lawsuits brought under the Rehabilitation Act, and individual liability for claims of violations of the TA cannot be secured by casting the lawsuit under Section 1983 rather than the Act. *Lollar v. Baker*, 196 F.3d 603, 608–09 (5th Cir. 1999). And because the remedies, procedures, and rights under the ADA are the same as those under the RA, there is likewise no individual liability for claims of violations under the ADA. *Washburn v. Texas*, Slip op. no. A-07-CA-116 LY, 2008 U.S. Dist. LEXIS 3302 (W.D.Tex., Jan. 16, 2008) (citing *Kacher v. Houston Community College System*, 974 F.Supp. 615, 619 (S.D. Tex. 1997)).

9.      Public employees can be subject to liability under the FMLA. However, Plaintiff has not alleged any facts that could give rise to a cause of action for FMLA violations against Gage in his individual capacity. Instead, Plaintiff alleges that Gage was acting within his authority properly delegated to him by GVSUD and does not allege any *ultra vires* acts. Because Plaintiff fails to state a legally cognizable claim against Gage in his individual capacity in Counts 2–10, each must be dismissed.

**B.    EVEN IF THE LAW PROVIDED FOR A CAUSE OF ACTION AGAINST GAGE AS AN INDIVIDUAL DEFENDANT, HE IS ENTITLED TO QUALIFIED IMMUNITY AGAINST PLAINTIFF'S FEDERAL CLAIMS AND OFFICIAL IMMUNITY AGAINST PLAINTIFF'S STATE LAW CLAIMS.**

10.      Plaintiff's Section 1983 claims (Counts 2 and 3) are barred against Gage by qualified immunity. Plaintiff's state law claims against Gage in his individual capacity are barred by the doctrine of official immunity (Counts 1, 5, 7, 8, 9, and 10).

11.      In claims against state officials under 41 U.S.C. § 1983, the official may raise the defense of qualified immunity. The plaintiff has the burden to negate the defense of qualified immunity. *See Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "The doctrine of qualified

immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations and quotations omitted). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 181 (5th Cir. 2016) (citations and quotations omitted).

12.    Gage is entitled to qualified immunity for Plaintiff's federal claims brought under Section 1983 to the extent those are not already ripe for dismissal because Gage was not Plaintiff's "employer" as discussed above in section A.

13.    Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994) (citations omitted). The purpose of the doctrine of official immunity is to protect public officers from civil liability for conduct that would not otherwise be actionable. *Id.* at 653–54.

14.    Gage is entitled to official immunity for Plaintiff's state law claims (Counts 1, 5, 7, 8, 9, and 10) because Plaintiff alleges that Gage was performing his discretionary duties within the scope of his authority. Moreover, Gage did so in good faith. *Id*. at 656 (citations omitted). Defendants' decision to terminate Plaintiff was a discretionary function, as opposed to a ministerial one. Therefore, Plaintiff's state law claims against Gage should be dismissed.

**C.  IF GAGE IS SUED *ONLY* IN HIS OFFICIAL CAPACITY, DISMISSAL OF GAGE IS STILL PROPER.**

15.    To the extent Plaintiff contends she has sued Gage in his official capacity as to every cause of action asserted, Gage must still be dismissed from suit because GVSUD is already named as a defendant, and any claims against Gage in his official capacity would be duplicative.

*See Turner*, 229 F.3d at 484. The relief Plaintiff seeks comes from GVSUD, not Gage. The conduct Plaintiff complains about are official acts of GVSUD, not individual or *ultra vires* acts of Gage.

### D.  PLAINTIFF'S WHISTLEBLOWER CLAIM (COUNT 1) IS TIME-BARRED AND MUST BE DISMISSED.

16.    Defendants move to dismiss Plaintiff's whistleblower claim (Count 1) because it is untimely. Rule 12(b)(6) dismissal under a statute of limitations is proper when the complaint makes plain that the claim is time-barred and raises no basis for tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Jones v. Bock*, 549 U.S. 199, 215 (2007).

17.    The Whistleblower Act requires suit to be filed not later than the 90th day after the date of the alleged violation, excluding time spent exhausting the employers' internal grievance or appeal procedure. Tex. Gov't Code §§ 554.005–.006. Exhaustion of internal remedies is *not* required if not completed before the sixty-first day after they were initiated. *Id.* at § 554.006(d). Therefore, at most, a suit must be filed within 120 days following the violation. *Id.* §§ 554.005–.006. An employee must strictly abide by the Whistleblower Act's procedural limitations to obtain relief. *See* Tex. Gov't Code § 311.034. The term "must" creates a condition precedent. *See id.* § 311.016(3); *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992) ("A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation."). These are jurisdictional when the defendant is a government entity. *See Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012); *City of Madisonville v. Sims*, 620 S.W.3d 375, 380 (Tex. 2020).

18.    Plaintiff alleges adverse action occurring on June 24, 2024. Doc. 15, ¶ 14. Plaintiff alleges she initiated internal grievance or appeal procedures on August 13, 2024. Doc. 15, ¶ 10. Plaintiff filed her Original Petition initiating this lawsuit on June 16, 2025, well beyond the 120-day maximum limitations period. Even taking Plaintiff's assertion that she initiated internal

grievance or appeal procedures with GVSUD on August 13, 2024 as true, after the 61st day that she did not receive a response, she was required to file suit.

19.    Plaintiff attempts to use Section 554.006(d)(1) offensively, asserting she conveniently "exhausted" the procedures *the day she filed her lawsuit*. Doc. 15, ¶¶ 10, 36–7. She acknowledges that she received no engagement from GVSUD in response to her alleged invocation of that procedure. Doc. 15, ¶ 36. Still, she claims to have "terminated" the procedures on June 16, 2025, Doc. 15, ¶¶ 10, 37, "when a final decision was not rendered before the 61st day after the date procedures were initiated." Doc. 15, ¶ 10. Plaintiff needed to sue after the 61st day, not the 245th day. The statute of limitations does not and cannot be tolled indefinitely just because a plaintiff baselessly claims she did not exhaust or terminate the procedure until it was most convenient for her. *See Hockaday v. Texas Dep't of Criminal Justice*, 914 F.Supp. 1439, 1444 (S.D. Tex. Jan. 31, 1996).

20.    The result might be different if Plaintiff had been actively engaged in the grievance or appeal process with GVSUD. But Plaintiff pleads that in response to her letter of August 13, 2024, *nothing happened.* Doc. 15, ¶ 37. The statute only tolls limitations while the employee is "acting under the grievance or appeal procedures." Tex. Gov't Code § 554.006(c). She either knew or should have known by the 61st day that she did not receive a response or decision that the "process" was not working for her and that she was not acting under those procedures. While the statute does not require that she exhaust that process, it also doesn't allow her to claim the process is ongoing indefinitely where, as here, she admits there was no process at all. By Plaintiff's logic, she could keep the procedure "open" for years until she deemed it convenient to file suit, and then "terminate" them or claim to have "exhausted" them on the filing date. The statute of limitations for a whistleblower claim is not so flexible. She must still file suit within the statutory period.

21.     This total contravention of the prescribed statute of limitations is not at all what Congress intended in imposing the strict and specific filing rules applicable to the Whistleblower Act. Plaintiff cannot torture the statute's language to conveniently fit her needs. The claim is time-barred and must be dismissed.

**E. EVEN IF IT WERE TIMELY, PLAINTIFF'S WHISTLEBLOWER CLAIM IS BARRED BECAUSE PLAINTIFF DID NOT MAKE HER REPORT OF ALLEGED VIOLATIONS OF LAW TO AN "APPROPRIATE LAW ENFORCEMENT AUTHORITY."**

22.     The Whistleblower Act protects "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to *an appropriate law enforcement authority.*" Tex. Gov't Code § 554.002(a) (emphasis added). The reported-to authority is an "appropriate law enforcement authority" if it is "a part of a state or local government entity . . . that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." *Id.* § 554.002(b). To be in "good faith," an employee's belief about the reported-to authority's powers must be "reasonable in light of the employee's training and experience." *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex. 2002).

23.     An authority's power to discipline its own or investigate internally does *not* support a good-faith belief that it is an appropriate law-enforcement authority. *Univ. of Tex. Sw. Med. Ctr. v. Gentilello*, 398 S.W.3d 680, 686 (Tex. 2013). Instead, the authority must be outward-looking; "it must have authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties." *Id.* And, under the Act, the authority's power to "regulate under" or "enforce" must pertain to "the law alleged to be violated in the report." Tex. Gov't Code § 554.002(b)(1). Reports up the chain of command are insufficient to trigger the Act's protections. *Tex. Dep't of Human Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014) (listing authorities).

24.     Plaintiff worked in human resources for GVSUD. Doc. 15, ¶ 15. She alleges she made her report to the president of GVSUD's board (or to the board as a whole). Doc. 15, ¶¶ 17–18. In either event, she could not have believed in good faith that GVSUD's board was empowered to "regulate under" or "enforce" the laws Plaintiff alleged to be violated in the report, as required by Tex. Gov't Code section 554.002(b)(1). Plaintiff was well versed in GVSUD's policies and procedures, various job descriptions and requirements, and other intricate facets of GVSUD's operations. Plaintiff could not have reasonably believed, in light of her training and experience, that the board had "authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself," or "to promulgate regulations governing the conduct of such third parties." *Gentilello*, 398 S.W.3d at 686. Plaintiff's report was made internally to GVSUD's board, which lacks outward-looking law-enforcement authority. *Id.* at 685.

25.     Plaintiff's allegation that she believed in good faith she was correctly reporting the violation to the right place is not sufficient to avoid dismissal. Whether an employee has a good-faith belief that the entity is an appropriate law enforcement authority "turns on more than an employee's personal belief, however strongly felt or sincerely held." *Id.* at 683. "When an employee reports wrongdoing internally with the knowledge that the report will have to be forwarded elsewhere for regulation, enforcement, investigation, or prosecution, then the employee is not reporting *to* an appropriate law enforcement authority." *Okoli*, 440 S.W.3d at 615 (emphasis in original, cleaned up). Moreover, as a matter of Texas law, where the whistleblowers have been made aware that their supervisors lacked law-enforcement authority and that the supervisor would need to refer the violation elsewhere, this conclusively establishes that the employee could not have formed a good-faith belief that her supervisor was an appropriate law enforcement authority.

*Id.* (citing *State v. Lueck*, 290 S.W.3d 876, 885–86 (Tex. 2009); *Dep't of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex. 2002)).

26.     In this case Plaintiff knew that GVSUD's board would need to refer her allegations of violations of law to a district attorney or some other outward-looking enforcement authority outside of GVSUD. Doc. 15, ¶¶ 17–18. This knowledge is sufficient to conclusively establish that she could not have formed a good-faith belief that GVSUD's board was an appropriate law enforcement authority. Dismissal of Plaintiff's whistleblower claim is therefore proper.

### III.    PRAYER

Defendants respectfully request this Court GRANT this Motion, and pray for such other and further relief, in law or in equity, to which they may show themselves justly entitled.

Dated: October 21, 2025.

Respectfully submitted,

A. Boone Almanza
State Bar No. 01579001
balmanza@abdmlaw.com
Tanya Robinson
State Bar No. 24095822
trobinson@abdmlaw.com
ALMANZA, BLACKBURN, DICKIE & MITCHELL, LLP
2301 S. Capital of Texas Highway, Building H
Austin, Texas 78746
512-474-9486; 512-478-7151 (fax)

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been sent via the electronic filing system to counsel of record as follows on this the 21st day of October, 2025.

The Gilbreath Law Firm, PLLC
Jeremy Gilbreath
13000 Old Blanco Rd., Ste. 304
San Antonio, Texas 78216
jeremy@gilbreathfirm.com

*Attorney for Plaintiff*

_____
A. Boone Almanza