IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRACY RAPPMUND, <br> *Plaintiff*, | § <br> § <br> § | |
| v. | § <br> § | Case No. SA-25-CV-00934-XR |
| GREEN VALLEY SPECIAL UTILITY <br> DISTRICT AND PHILLIP GAGE, <br> *Defendants*. | § <br> § <br> § <br> § | |

**DEFENDANTS' REPLY IN SUPPORT OF FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS**

COME NOW Defendants Green Valley Special Utility District ("GVSUD") and Phillip Gage ("Gage") (together, "Defendants") file this Reply in support of their Motion to Dismiss [Doc. # 16] claims asserted in Plaintiff's Second Amended Original Petition and Jury Demand filed October 6, 2025 [Doc. #15].

1. Plaintiff acknowledges that the claims asserted against Gage in his individual capacity are only Counts 2–3 for § 1983 FMLA interference and retaliation, and that the official capacity claims are duplicative of claims against GVSUD. [Doc. #19, p. 2].

2. Plaintiff claims her FMLA claims against Gage in his individual capacity are well-pled and should not be subject to dismissal. [Doc. #19, pp. 4–7]. Plaintiff is correct that the law permits individual capacity claims against defendants like Gage for FMLA violations. *Modica v. Taylor*, 465 F.3d 174, 186–87 (5th Cir. 2006). But that does not mean Gage's individual liability is clearly established. Modica was terminated due to taking extensive medical leave that precluded her ability to fulfill certain job requirements. *Id.* at 178. By contrast, Plaintiff was terminated *after she returned* from FMLA leave, of her own accord, even after she had been offered additional time to be on leave she declined to take.

3.      Moreover, Gage's actions were objectively reasonable. *See* Doc. #19, p. 5 fn.1. Defendants have already alleged that Plaintiff's termination was warranted, for wholly non-discriminatory reasons, and that her rights were not violated. *See* Doc. #7 (Joint FED. R. CIV. P. 26 Report). Plaintiff also claims Defendants have not presented a *Mt. Healthy* defense. [Doc. 19, p. 5]; *see Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 US 274 (1977), *superseded by statute as stated in Rivera v. United States*, 924 F.2d 948, 954 n.7 (9th Cir. 1991). But *Mt. Healthy* is inapplicable to motions to dismiss as it requires factual determinations more suitable for summary judgment or trial. *See Haverda v. Hays County*, 723 F.3d 586, 595–96 (5th Cir. 2013).

4.       Defendants do not bear the burden to demonstrate that Plaintiff's allegations are untrue. Defendants properly raised the defense of qualified immunity. In response, Plaintiff has alleged in a conclusory manner that Gage is not entitled to qualified immunity. There is no real support for this conclusory assertion; Plaintiff has not met her burden to demonstrate the inapplicability of the defense. *See Modica*, 465 F.3d at 179.

5.      Plaintiff also cites *Pearson v. Callahan*, 555 U.S. 223 (2009) to suggest that the qualified immunity question should not be considered at all until after the pleadings stage. But this, too, is incorrect.

> Because qualified immunity is an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial. Indeed, we have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery. Accordingly, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.

555 U.S. at 232 (citations omitted, cleaned up).

6.      It is not enough for Plaintiff to merely plead a clearly established right at the time of her termination. [Doc. #19, p. 5], citing *Hope v. Pelzer*, 536 U.S. 730 (2002). But this

proposition, which follows the *Saucier* line of case law, was rejected in *Pearson*. Plaintiff also cites *United States v. Lanier*, 520 U.S. 259 (1997) for the same proposition, but *Lanier* was factually distinguishable. In *Lanier*, the official was accused of sexually assaulting another employee. This is illegal under any circumstance. By contrast, firing an underperforming employee as Defendants did in this case is not a crime.

7.      Plaintiff also cites *Tolan v. Cotton*, 134 S. Ct. 1861 (2014), which concerns the summary judgment standard applicable to certain evidence and is irrelevant to this case. Most of the cases Plaintiff cites in support of her Response are summary judgment cases with holdings and reasoning inapplicable to the decision Defendants now ask this Court to make.

8.      Plaintiff cites to no case supporting her contention that the statute of limitations for her whistleblower claim should simply be "tolled" for as long as Plaintiff finds it convenient until she can file suit. The 90-day limitations period in the Whistleblower Act is statutorily imposed, *see* Tex. Gov't Code § 554.005, extended *only* to the extent prescribed in section 554.006. *See White v. Phillips*, 703 S.W.3d 823 (Tex. App.—Austin 2024, pet. denied) (dispute as to when 90 day period began to run). The change in law to which Plaintiff refers in her Response did not do away with the statute of limitations. Plaintiff points this Court to no law excusing her failure to timely file suit. The whistleblower claims are time barred and must be dismissed.

9.      Nor did Plaintiff report her alleged violation of law to a proper law enforcement authority. Plaintiff claims under Texas law her report is sufficient if she subjectively believed it was made to a person who is in a position to – or authorized to – receive a report on behalf of the law enforcement authority and that belief was objectively reasonable. Plaintiff cites *Needham*, a case where the court specifically found the plaintiff's "good faith" belief wasn't good enough because, as a matter of law, TxDOT is not an appropriate law enforcement authority under for

purposes of reporting another employee's violation of Texas driving-while-intoxicated laws. The same is true here: the chair of the board of GVSUD cannot be reasonably believed to be in an appropriate law enforcement position by Plaintiff the human resources officer, thus failing the good faith test in light of her training and experience. *Needham* is also a summary judgment case inapplicable to this question. *Wichita County v. Hart* is inapposite, as the case was determined on a venue issue.

10.  Plaintiff claims board member John Frias agreed to act as her agent and that is sufficient to render her improper report a proper one. The case she cites, *Gray v. City of Galveston*, concerned the question of whether a good faith report of violation of law was made—not whether it was made to an appropriate law enforcement authority. Plaintiff has cited no law establishing that her subjective belief that someone agreed to act on her behalf is sufficient to constitute a report to an appropriate law enforcement authority sufficient to satisfy the whistleblower statute.

For all these reasons, Defendants respectfully request this Court GRANT the Motion, deny Plaintiff leave to amend for amendment would be futile, and pray for such other and further relief, in law or in equity, to which they may show themselves justly entitled.

Dated: November 19, 2025.

Respectfully submitted,

A. Boone Almanza
State Bar No. 01579001
balmanza@abdmlaw.com
Tanya Robinson
State Bar No. 24095822
trobinson@abdmlaw.com
ALMANZA, BLACKBURN, DICKIE & MITCHELL, LLP
2301 S. Capital of Texas Highway, Building H
Austin, Texas 78746
512-474-9486; 512-478-7151 (fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent via the electronic filing system to counsel of record as follows on this the 19th day of November 2025.

The Gilbreath Law Firm, PLLC
Jeremy Gilbreath
13000 Old Blanco Rd., Ste. 304
San Antonio, Texas 78216
jeremy@gilbreathfirm.com
*Attorney for Plaintiff*

A. Boone Almanza